<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF NEW JERSEY</u>

_____
                               :
CLIFTON BEALE,                   :
                               :
            Plaintiff,           :
                               :         Civil Action No. 08-4279 (JAG)
              v.               :
                               :                  **OPINION**
RUBIN & ROTHMAN, LLC,       :
DIANA K. ZOLLNER, ESQ., and   :
KATHRYN ANDREOLLI, ESQ.,    :
                               :
           Defendants.       :
_____:

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before this Court on the motion of defendants, Rubin & Rothman, LLC, (the "Rubin firm"), Diana Zollner, Esq., and Kathryn Andreolli, Esq., (collectively "Defendants"), to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), against plaintiff, Clifton Beale ("Plaintiff"); and on the "Motion of Plaintiff to Dismiss Defendants through Counsel's Motion's claim of FRCP 12(b)(6)." For the reasons set forth below, Defendants' motion is granted. Plaintiff's motion is denied, as moot.

## I.   STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.

1

544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." <u>Id.</u> at 1965.

When deciding a Rule 12(b)(6) motion to dismiss, a court is required to accept, as true, all allegations in the complaint and all resulting reasonable inferences. <u>See</u> <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 (3d Cir. 1994). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. <u>See</u> <u>Morse v. Lower Merion School District</u>, 132 F.3d 902, 906 n.8 (3d Cir. 1997). All reasonable inferences, however, must be drawn in the plaintiff's favor. <u>See</u> <u>Sturm v. Clark</u>, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. <u>See</u> FED. R. CIV. P. 8(a)(2); <u>Conley</u>, 355 U.S. at 45-46, <u>abrogated on other grounds by</u> <u>Twombly</u>, 127 S.Ct. 1955. "The defendant bears the burden of showing that no claim has been presented." <u>Hedges v. United States</u>, 404 F.3d 744, 750 (3d Cir. 2005).

The Supreme Court of the United States recently issued further guidance to courts considering motions to dismiss. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.' "

2

Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009), citing Twombly, 550 U.S. at

556.  A claim is plausible when a plaintiff pleads facts that allow a court to draw the reasonable

inference that the defendant is liable for the alleged conduct.  Id.  Legal conclusions alone are not

sufficient to survive a motion to dismiss.  Id.

The court may consider the allegations of the complaint, as well as documents attached to

or specifically referenced in the complaint, and matters of public record.  See Pittsburgh v. W.

Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5A CHARLES ALAN WRIGHT & ARTHUR R.

MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1357.  "[A] 'document integral to or

explicitly relied upon in the complaint' may be considered 'without converting the motion [to

dismiss] into one for summary judgment.'"  In re Burlington Coat Factory Sec. Litig., 114 F.3d

1410, 1426 (3d Cir. 1997) (emphasis in original) (quoting Shaw v. Digital Equip. Corp., 82 F.3d

1194, 1220 (1st Cir. 1996)).[1]

## II.  FACTUAL BACKGROUND

On August 25, 2008, Plaintiff filed with this Court a document entitled:

Petition in the Nature of a Petition to Vacate a Void Judgment and to Register
Complaint Under Statutes Fair Debt Collection Procedure Act 15 U.S.C. § 1692;
Mail Fraud 18 U.S.C. § 1341; Bank Fraud 18 U.S.C. § 1344; 4th Amendment
Right (sic) Violation - False attempt at illegal seizure without valid writ of
warrant and or a summons without a sworn oath of affirmation.

(Docket Entry No. 1)

As can be gleaned from the Petition[2], Plaintiff appears to assert causes of action against

[1] The documents mentioned infra n.3 of this Court's Opinion are integral to, and
explicitly relied upon, in the Complaint.  This Court shall consider those documents without
converting Defendants' motion to dismiss into a motion for summary judgment.

[2] This Court shall refer to Plaintiff's Petition as the "Complaint."

3

Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), the federal mail and bank fraud statutes, and the Fourth Amendment of the Constitution of the United States. Plaintiff's claims apparently stem from a collection action before the New Jersey Superior Court, Special Civil Division, Docket No. DC-11275-06 (the "state court action"), by Daimler Chrysler Financial Services Americas, LLC ("Chrysler Financial") against Plaintiff and his son, for breach of a retail installment contract for the purchase of an automobile.  (Compl., pp. 6-9.)[3]  Defendants Zollner and Andreolli represented Chrysler Financial in the state court action.

---

[3] Plaintiff's Complaint explicitly references the state court action, subsequent proceedings, and various public records related to these proceedings.  This Court derives the facts from the following items and considers these items in its determination of the instant motion:

1.  The complaint in the state court action.  (Declaration of Peter Siachos ("Siachos Decl."), attached as Ex. B.)
2.  The Amended Answer and Counterclaims.  (Siachos Decl., attached as Ex. C.)
3.  The Summary Judgment Motion of Clifton Beale against Chrysler Financial in the state court action.  (Siachos Decl., attached as Ex. D.)
4.  Chrysler Financial's summary judgment motion against Clifton Beale.  (Siachos Decl., attached as Exhibit E.)
5.  The transcript of the summary judgment hearing in the state court action.  (Siachos Decl., attached as Ex. F.)
6.  The order dismissing Clifton Beale's counterclaim and entering judgment in favor of Chrysler Financial.  (Siachos Decl., attached as Ex. G.)
7.  The order denying Clifton Beale's motion for summary judgment in the state court action.  (Siachos Decl., attached as Ex. H.)
8.  Clifton Beale's appeal to the New Jersey Appellate Division.  (Siachos Decl., attached as Ex. I.)
9.  The New Jersey Appellate Division's opinion denying Clifton Beale's request for relief.  (Siachos Decl., attached as Ex. J.)
10. Clifton Beale's July 30, 2007 petition for certification to the New Jersey Supreme Court.  (Siachos Decl., attached as Ex. K.)
11. The New Jersey Supreme Court's decision denying Clifton Beale's petition for certification.  (Siachos Decl., attached as Ex. L.)

During the pendency of the state court action, Plaintiff filed an "Amended Answer and Counterclaim" against Chrysler Financial.  Plaintiff's filing asserted no claims against Defendants.  On September 26, 2006, Plaintiff filed a motion for summary judgment, acknowledging Plaintiff's liability on the debt owed, and claiming that the Rubin firm had purchased the debt.  Chrysler Financial cross-moved for summary judgment, noting that Plaintiff conceded owing the debt.

The motion judge heard oral argument on the cross-motion for summary judgment on November 1, 2006.  At oral argument, Plaintiff asserted that Defendants should be a party to the action, because he believed that the Rubin firm had purchased the debt.  The motion judge explained to Plaintiff that the Rubin firm had represented to the court that the firm was merely representing Chrysler Financial and had not purchased the debt.  Plaintiff never joined the Rubin firm, as a party, in the state court action.

Because Plaintiff's obligation under the installment contract was not disputed, the motion judge denied Plaintiff's summary judgment motion.  The motion judge entered judgment in favor of Chrysler Financial, and against Plaintiff, in the amount of $6,807.99.

Plaintiff subsequently appealed the motion judge's decision to the New Jersey Appellate Division.  On July 5, 2007, the Appellate Division denied his appeal.  Plaintiff petitioned the New Jersey Supreme Court for certification.  On October 4, 2007, the New Jersey Supreme Court denied Plaintiff's petition.

Nearly a year later, Plaintiff filed the instant action formally alleging claims strikingly similar to those raised during the state court action, against the Rubin firm, and two of its attorneys.  On November 12, 2008, Defendants moved to dismiss, in lieu of an answer, pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Thereafter, Plaintiff filed a document

entitled, "Notice of Motion of Plaintiff to Dismiss Defendants through Counsel's Motion claim

of FRCP 12(b)(6)".  Although styled as a motion to dismiss, Plaintiff's submission was a

response to Defendants' motion.[4]  Upon consideration of the parties' submissions and the

applicable law, this Court finds that Plaintiff has failed to state a claim upon which relief can be

granted.

### III.   DISCUSSION

**A.      The Entire Controversy Doctrine**

Defendants assert that because Plaintiff failed to name Defendants as parties to the state

court action, Plaintiff's claims are barred by the "entire controversy doctrine."  The entire

controversy doctrine is an equitable preclusionary doctrine that requires the parties to a lawsuit to

assert all known claims that arise from the underlying occurrence or transaction.  See Joel v.

Morrocco, 688 A.2d 1036, 1037 (N.J. 1997).[5]  Under the entire controversy doctrine, a

successive action may be precluded where a litigant failed to previously join a necessary party,

and where such failure was (1) the result of the litigant's inexcusable conduct; and (2) now

results in substantial prejudice to the non-party.  Hobart Bros., Co., v. Nat'l Union Fire Ins., Co.,

806 A.2d 810, 817 (N.J. Super. Ct. App. Div. 2002)  The party seeking the doctrine's preclusive

effect and thus, dismissal of the claim bears the burden of proving inexcusable conduct and

---

[4] This Court notes that while Plaintiff's submission purported to respond to Defendants' arguments, the submission failed to address any of those arguments.

[5] Pursuant to the Full Faith and Credit Act, the Third Circuit has required New Jersey federal courts to apply the entire controversy doctrine, as that doctrine is recognized by the New Jersey state courts.  Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997).

substantial prejudice.  Id. at 817-18.

In determining whether inexcusable conduct and substantial prejudice exist, this Court

considers the following non-exhaustive list of factors:

1.    Whether the person not joined in an earlier action is precluded from
      seeking recovery in a subsequent action;

2.    Whether a person so precluded can nevertheless be alternatively
      compensated;

3.    Whether the failure to join or identify . . . a person was part of a strategy to
      thwart the assertion of a valid claim;

4.    Whether the failure to join or identify a person was unreasonable under the
      circumstances;

5.    Whether a person not joined in an action would be charged with
      constructive knowledge of that action;

6.    The extent to which judicial resources were employed in the earlier
      litigation; and

7.    Whether a person not joined in the earlier action might be unfairly
      hampered in their ability to mount a defense, e.g., due to loss of evidence,
      the running of an applicable period of limitation, or other prejudice.

Center for Prof'l Advancement v. Mazzie, 347 F. Supp. 2d 150, 156 (D.N.J. 2004) (citing

Hobart, 806 A.2d at 818-19).

Before considering whether Defendants have shown inexcusable conduct and substantial

prejudice, this Court must first address the question of whether Rule 12(b)(6) dismissal is the

appropriate manner to dispose of this case.

The entire controversy doctrine  is an affirmative defense.  See Rycoline Prods., Inc., v. C

& W Unltd., 109 F.3d 883, 886 (3d Cir. 1997).  Where an affirmative defense is apparent on the

face of the complaint, the defense "could properly be the grounds for a motion to dismiss for

failure to state a claim upon which relief can be granted pursuant to FED. R. CIV .P. 12(b)(6)." See id.[6]

The entire controversy doctrine affirmative defense is apparent from documents, upon and to which Plaintiff explicitly relied and referred. The affirmative defense is also apparent on the face of Plaintiff's Complaint. In his Complaint, Plaintiff alleges that during the state court action, he claimed that Defendants were in violation of the FDCPA. In spite of his claims in the state court action, Plaintiff never joined Defendants as a party to the state court action. Thus, if the entire controversy doctrine bars Plaintiff from raising his claims here, this Court may dismiss them properly, pursuant to FED. R. CIV. P. 12(b)(6).

This Court now considers whether the entire controversy doctrine bars Plaintiff's claims. The state court action addressed the same transactions or occurrences as those that Plaintiff alleges give rise to the present claims against Defendants. Indeed, at oral argument on Plaintiff's summary judgment motion, the thrust of Plaintiff's argument was aimed at accusing Defendants of the same claims that Plaintiff has pled in the instant action. (See Siachos Decl., Exhibit F, at pp. 4-5.) Plaintiff, thus, had sufficient opportunity to bring a third-party claim against Defendants in the state court action. Plaintiff's failure to do so was unreasonable, as is his attempt to bring those claims in this Court nearly two years after they were first raised.

---

[6] The entire controversy doctrine cannot be used as a vehicle for 12(b)(6) dismissal where the availability of the defense is not apparent on the face of the complaint. Id. Where the preclusive effect of the entire controversy doctrine is not apparent on the face of the complaint, the Third Circuit has instructed that there are two ways to dispose of such motions. A district court may either (1) deny the motion without prejudice to renew in the form of a motion for summary judgment, pursuant to FED. R. CIV. P. 56; or (2) convert the 12(b)(6) motion into a Rule 56 motion and afford the parties "reasonable opportunity to present all material made pertinent to such a motion." Id.

New Jersey has already expended significant resources adjudicating the state court action, and considering Plaintiff's appeals to the Appellate Division and the New Jersey Supreme Court. This Court finds Plaintiff's appeals to be particularly taxing on judicial resources, given Plaintiff's conceded liability on the debt owed. This Court will not further entertain a drain on judicial resources by allowing this untimely and inappropriate action to proceed. Upon consideration of the Mazzie and Hobart factors, this Court finds the existence of inexcusable conduct on the part of Plaintiff, and substantial prejudice to Defendants.[7]

## B.      The FDCPA Claims

Plaintiff's FDCPA claims are not only precluded by the entire controversy doctrine, those claims lack merit. The statute of limitations for an action under the FDCPA is one year. 15 U.S.C. § 1692(k)(d). The statute of limitations in FDCPA actions begins to run "from the date on which the violation occurs." The record, specifically the oral argument transcript of the summary judgment hearing in the state court action, shows that Plaintiff first raised FDCPA claims as early as November 1, 2006.[8] Plaintiff did not file the Complaint in this Court until

---

[7] As will be discussed *infra*, this Court holds that Plaintiff fails to state a claim on which relief can be granted. None of Plaintiff's claims are timely or meritorious. This Court will not, therefore, address, at length, Defendants' laches, corporate veil, and Fourth Amendment arguments. Plaintiff's claims were not timely brought and the Complaint sets forth no allegations that would prompt this Court to pierce the Rubin firm's corporate veil, thereby subjecting Defendants Zollner and Andreolli to liability. The Fourth Amendment only guards against unreasonable searches of property by state actors. Meister v. Comm'r of Internal Revenue, 504 F.2d 505, 509 (3d Cir. 1974) (citing Burdeau v. McDowell, 256 U.S. 465 (1921)). In contrast, the repossession of a vehicle–on which a debt is admittedly owed–by a private party, does not constitute an illegal seizure in violation of the Fourth Amendment. Cf. Yanaki v. Iomed, Inc., 415 F.3d 1204, 1214 (10th Cir. 2005) ("a private repossession pursuant to a state statutory provision is not state action.") (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 164-66).

[8] The Complaint also indicates that Plaintiff raised FDCPA claims during the state court action. (Compl., p. 2.)

9

August 25, 2008, nearly two years after he accused Defendants of violating the FDCPA.

Accordingly, Plaintiff's FDCPA claims are barred by the applicable statute of limitations.

**C.      The Mail Fraud and Bank Fraud Claims**

Plaintiff also alleges that Defendants acted in violation of 18 U.S.C. §§ 1341 and 1344, which impose criminal liability for Mail and Bank Fraud, respectively.  Plaintiff's claims must fail because neither criminal statute provides a private right of action, under which Plaintiff may maintain the instant action.[9]  See e.g.,  Wisdom v. First Midwest Bank, 167 F.3d 402, 408 (8th Cir. 1999) (joining Fifth and Sixth Circuits in finding no private cause of action for mail fraud); Migrom v. Burstein, 374 F. Supp. 2d 523, 529 (E.D. Ky. 2005) (finding no private right of action under 18 U.S.C. § 1344); Park Nat'l Bank of Chicago v. Michael Oil Co., 702 F. Supp. 703, 704 (N.D. Ill. 1989) (same).

---

[9] Unless specifically provided for, federal criminal statutes rarely create private rights of action.  Nashville Milk Co. v. Carnation Co., 355 U.S. 373, 377 (1958).  The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action for the injured person.  Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979); Cannon v. University of Chicago, 441 U.S. 677, 689 (1979).

**IV.  CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), is granted.  The "Motion of Plaintiff to Dismiss Defendants through Counsel's Motion's claim of FRCP Rule 12(b)(6)" is denied, as moot.  Plaintiff's Complaint is dismissed, with prejudice.  An appropriate order is attached.

Date: June 29, 2009

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.